UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00106-LLK

CASEY JONATHAN TUCKER                                                                           PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                       DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact/law summaries of the Plaintiff and the Commissioner are at Dockets # 17 and 20, and the matter is ripe for determination. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 13.)

Plaintiff argues that his degenerative disc disease of the lumbar spine satisfies the clinical criteria of Listing § 1.04, that his major depressive disorder satisfies Listing § 12.04, and that his social anxiety disorder satisfies Listing § 12.06. Because Plaintiff has not proven that his impairments satisfy the Listings, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff has not proven that his degenerative disc disease of the lumbar spine satisfies Listing § 1.04.**

Plaintiff presents two arguments. (Docket # 17 at 3-4, 4-5.) His first argument is that "the ALJ failed to properly evaluate whether [he] met or equaled Listing 1.04." (Docket # 17 at 3.) Plaintiff carries the burden of proving that the medical criteria of a listed impairment are satisfied, and this burden is strictly construed because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational consideration). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc.*

1

*Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

The ALJ did not mention Listing § 1.04 in his written decision (Administrative Record (AR) at 10-22), and Plaintiff does not state which sub-section(s) of the Listing he alleges is satisfied (Docket # 17 at 3-4.) However, the ALJ did acknowledge that Plaintiff suffers from severe, or vocationally significant, degenerative disc disease of the lumbar spine (AR at 12), and the ALJ's factual findings adequately support a conclusion that this impairment does not satisfy Listing § 1.04. *See Forrest v. Comm'r*, 591 F. App'x 359, 366 (6th Cir. 2014) (no reversible error where ALJ made "sufficient factual findings elsewhere in his decision to support his conclusion" that a listed impairment was not satisfied).

Listing § 1.04 provides that the following disorders of the spine are per-se disabling:

1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

An April 2017 lumbosacral spine MRI revealed that Plaintiff suffers from revealing "a large disc protrusion midline and left paramedian at L5-S1 that is displacing the exiting nerve root posteriorly and is narrowing the left neural foramen with minimal narrowing of the right neural foramen at this level." (AR at 379.) However, this impairment does not satisfy Listing § 1.04(A) due to lack of evidence that Plaintiff suffers from "limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or

muscle weakness) accompanied by sensory or reflex loss." Listing 1.04(A). The ALJ indicated that, with sporadic exceptions, Plaintiff exhibited a full range of motion of the spine, and he showed no significant motor loss, atrophy, or muscle weakness, and no sensory or reflex loss. (AR at 16-17 citing Exhibits 1F, 2F, 4F, 7F, 11F, 21F, 24F); *see e.g.* AR 296 (5/5 motor strength), 299 (5/5 motor strength, no sensory deficits), 301 (5/5 motor strength), 304 (5/5 motor strength, no sensory deficits), 418 (normal muscle strength and reflexes, full range of motion), 419 (mild weakness in part of left leg), 424 (normal muscle strength and reflexes), 425 (normal strength), 431 (normal reflexes and muscle strength, full range of motion), 479 (full range of motion), 489 (normal muscle strength and reflexes, full range of motion), 490 (mild weakness in part of left leg), 495 (normal muscle strength and reflexes), 496 (normal strength), 501 (normal muscle strength and reflexes, full range of motion), 555 (full range of motion), 560 (full range of motion), 573 (normal muscle strength and reflexes, full range of motion), 574 (mild weakness in part of left leg), 599 (no atrophy or weakness, full range of motion). Plaintiff has not proven that Listing § 1.04(A) is satisfied in light of his repeatedly normal range of motion of the spine and lack of motor loss accompanied by sensory or reflex loss.

Plaintiff does not allege that Listing § 1.04(B) is satisfied, and his fact/law summary (Docket # 17) does not mention "arachnoiditis." Listing § 1.04(B). Plaintiff does not allege that Listing § 1.04(C) is satisfied, and his fact/law summary (Docket # 17) does not mention "stenosis" or an inability to "ambulate effectively." Listing § 1.04(C). Plaintiff does mentions that he "need[s] to use a cane for ambulation" (Docket # 17 at 3), but that does not satisfy 20 C.F.R. § 1.00B2b. Section 1.00B2b defines "inability to ambulate effectively" as "having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." Therefore, Plaintiff has not proven that his degenerative disc disease of the lumbar spine satisfies Listing § 1.04.

**Plaintiff has not proven that his major depressive disorder satisfies Listing § 12.04
or that his social anxiety disorder satisfies Listing § 12.06.**

In June 2017, Plaintiff was examined by the Commissioner's psychologist, Greg V. Lynch, Ph.D. Dr. Lynch concluded that Plaintiff has "moderate to marked" limitations in two functional areas. (AR at 442.) In November 2017, Plaintiff's treating nurse practitioner, Tarah Matthews, APRN (Advanced Practice Registered Nurse), completed the Residual Functional Capacity Questionnaire For Psychiatric Disorders form, finding that Plaintiff is "markedly" limited in most functional areas. (AR at 547-51.)

The ALJ acknowledged that Plaintiff suffers from major depressive disorder and social anxiety disorder. (AR at 12.) The ALJ gave "great weight" to Dr. Lynch's findings but "little weight" to Nurse Matthews findings. (AR at 19, 20.) The ALJ found that Plaintiff has the following functional limitations: 1) Mild limitation in understanding, remembering, or applying information; 2) Moderate limitation in interacting with others; 3) Mild limitation in concentrating, persisting, or maintaining pace; and 4) Moderate limitation in adapting or managing oneself. (AR at 13.) The ALJ found that Plaintiff's mental impairments do no satisfy Listing § 12.04 and/or Listing § 12.06 because, to satisfy the so-called "paragraph B" criteria of these Listings, Plaintiff would have to have one extreme or two marked limitations in the above functional areas. (*Id.*)

Plaintiff's second and final argument is that "the ALJ failed to properly evaluate whether [his mental impairments] either met or equaled Listing 12.04 and 12.06." (Docket # 17 at 4.) The key component of Plaintiff's argument is that the ALJ erred in giving "little weight" to Nurse Matthews findings of marked limitations in the "B paragraph" functional areas. (AR at 549-50.) The ALJ discounted Nurse Matthews findings because they "were not consistent with her own treating notes." (AR at 20.) For example, in July 2017, Nurse Matthews reported that Plaintiff had "made significant progress on current medications" and that his "mood/anxiety [were] still stable overall." (*Id.* referencing treatment notes at AR 458, 461.) Nurse Matthews' treatment notes reflect that favorable and unfavorable changes in Plaintiff's symptoms were associated with changes in medication, for example, decreasing the dosage of

4

Abilify or stopping Paxil "cold turkey." (AR at 18 referencing AR at 461, 541.) The ALJ identified substantial reasons for declining to find that Plaintiff has one extreme or two marked "paragraph B" functional limitations. Therefore, Plaintiff has not proven that his major depressive and social anxiety disorders satisfy the Listing.

**ORDER**

Because Plaintiff's Listing arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

May 16, 2019

Lanny King, Magistrate Judge
United States District Court